UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERMAINE GOMES,

        **Plaintiff,**

v.                               **Case No:   6:22-cv-698-CEM-GJK**

JOHN DOE and JANE DOE,

        **Defendants.**

_____

**REPORT AND RECOMMENDATION[1]**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 3)** |
| **FILED:** | **April 7, 2022** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the Complaint be DISMISSED**. | |

Before the Court is *pro se* Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 3). On April 7, 2022, Plaintiff filed this action against two unnamed

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

federal agents. (Doc. 1 ("Complaint")). He alleges the federal agents "kidnapped" his mother and father on an unspecified date in Satellite Beach, Florida. (Doc. 1 at 4, 6). He claims the federal agents violated the civil rights of "entrapment," "conspiracy," and "kidnapping." *Id.* at 6. The sparse Complaint does not contain a simple narrative of what happened, or even basic details such as the date any alleged violation of civil rights occurred.

## I.    LEGAL STANDARD

An individual may be allowed to proceed *in forma pauperis* (that is, without the payment of the filing fees) if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785

(11th Cir. 1984). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court.   *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The bare minimum a plaintiff must set forth in the complaint is found in Federal Rule of Civil Procedure 8, and explained further in the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (quoting Fed. R. Civ. P. 8(a)(2)). The court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *Id.* However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The law requires something more "than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject-matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). A plaintiff must have standing

in order to bring a cause of action within a federal court's subject-matter jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases."). The party invoking federal jurisdiction bears the burden of proving standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Further, when considering a plaintiff's claim against a government actor in his or her individual capacity, the Court generally first determines whether plaintiff's allegations, if true, establish a constitutional violation. *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). To state a plausible claim for relief, the facts alleged by the Plaintiff must contain sufficient allegations to show that the individual defendant personally participated in the alleged constitutional violation. *See, e.g., Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003).

## II.   DISCUSSION

At the outset, this Court must determine whether Plaintiff has standing to proceed. *United States v. Hays*, 515 U.S. 737, 742 (1995). To establish standing, "a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable

decision." *Pittman v. Cole*, 267 F.3d 1269, 1282 (11th Cir. 2001) (internal citations omitted).

Plaintiff does not allege that he has personally suffered an injury in fact or imminently will suffer such injury. Standing "requires federal courts to satisfy themselves that 'the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal-court jurisdiction.'" *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (internal citations omitted).[2] Plaintiff alleges:

> Under false pretense, false impression, John Does and Jane Does identified themselves to be federal agents before falsely imprisoning and kidnapping members of my family. They are acting to conceal their crimes with hostages in order to reap their rewards including use of their identities. Initially took place [at] 134 Redondo Drive, Satellite Beach, FL.

Doc. 1 at 4; 6 (identifying "family members" as his mother and father). Such allegations are not conduct "federal agents" allegedly took towards Plaintiff personally.   (Doc. 1 at 6). Even assuming Plaintiff's rather outlandish claims to be true, Plaintiff did not personally suffer the alleged injury.

---

[2] The Court assumes that Plaintiff intends to proceed under *Bivens* and not 42 U.S.C. § 1983, as he seemingly indicates on the complaint, since the defendants are unnamed federal agents. (Doc. 1 at 6). "*Bivens* provides a cause of action for constitutional violations against federal officials while § 1983 provides a parallel cause of action against state and local officials." *Milakovich v. USCIS-Orlando*, No. 6:11-CV-1244-ORL-31, 2012 WL 1890638, at *7 (M.D. Fla. Mar. 13, 2012), *report and recommendation adopted*, No. 6:11-CV-1244-ORL-31, 2012 WL 1890510 (M.D. Fla. May 23, 2012), *aff'd*, 500 F. App'x 873 (11th Cir. 2012).

Accordingly, Plaintiff does not have a sufficient personal stake to warrant standing. His allegations do not present a coherent narrative of what happened and, lacking factual substantiation, are fantastical. Plaintiff baldly claims the federal agents falsely imprisoned and kidnapped members of his family to make "use of their identities" before listing a litany of crimes, including "possibly murder," as his harm. (Doc. 1 at 4, 6). From these conclusory assertions, this Court cannot discern a redressable injury in fact that Plaintiff has suffered and was caused by the actions of the unnamed federal agents against him.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). However, "[a] district court is generally required to grant a *pro se* plaintiff leave to amend [his] complaint *sua sponte* before dismissing the complaint with prejudice, unless the plaintiff clearly indicates that [he] does not wish to amend the complaint or amendment would be futile." *Stuart v. Ryan*, 818 F. App'x 858, 860 n.1 (11th Cir. 2020) (citing *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). Because Plaintiff asserts an injury suffered by his parents, and not himself, he cannot establish a claim on which he could recover from the stated injury. Since Plaintiff cannot recover for his parents' injury, amending the complaint would likely be futile. Should Plaintiff seek leave to file an amended complaint that sets forth a plausible claim within this Court's jurisdiction, the Court will consider the request.

## III.    RECOMMENDATION

Upon due consideration, it is **RECOMMENDED** that the motion to proceed *in forma pauperis* (Doc. 3) be **DENIED** and that the Complaint (Doc. 1) be **DISMISSED with prejudice**.

### NOTICE TO PARTIES

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on June 10, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy